FILED
CLERK, U.S. DISTRICT COURT

JUL   3 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RICARDO MACIAS,                         )     Case No. SA CV 13-1271-PJW
                                        )
              Plaintiff,                )
                                        )     MEMORANDUM OPINION AND ORDER
     v.                                 )
                                        )
CAROLYN W. COLVIN,                      )
Acting Commissioner of the             )
Social Security Administration,        )
                                        )
              Defendant.                )
_____)

I.

INTRODUCTION

     Plaintiff appeals a decision by Defendant Social Security
Administration ("the Agency"), denying his application for
Supplemental Security Income ("SSI") benefits.  He claims that the
Administrative Law Judge ("ALJ") erred when he rejected the opinion of
Plaintiff's treating doctor and when he found that Plaintiff was not
credible.  For the reasons explained below, the Court concludes that
the ALJ erred and remands the case to the Agency for further
proceedings.

II.

SUMMARY OF FACTS AND PROCEEDINGS

In June 2007, Plaintiff applied for SSI, alleging that he had been unable to work since September 2003, due to pain in his back and other parts of his body.  (Administrative Record ("AR") 206-12, 223.) His application was denied initially and on reconsideration.  He then requested and was granted a hearing before an ALJ.  On April 27, 2009, he appeared with counsel and testified at the hearing.  (AR 46-77.) On May 11, 2009, the ALJ issued a decision, denying the application. (AR 82-93.)  Plaintiff appealed to the Appeals Council, which reversed the ALJ's decision and remanded for a new hearing.  (AR 139-40, 166-69.)

On September 12, 2011, a different ALJ held a hearing, during which Plaintiff appeared and testified.  (AR 33-45.)  On February 17, 2012, the ALJ issued a decision denying Plaintiff's application.  (AR 16-27.)  This appeal followed.

III.

DISCUSSION

A.    The ALJ's Consideration of the Doctors' Opinions

In his first claim of error, Plaintiff alleges that the ALJ erred when he rejected the opinion of Plaintiff's treating physician, who had determined, essentially, that Plaintiff's physical impairments prevented him from working, and relied, instead, on the opinions of the examining and reviewing physicians.  For the reasons set forth below, the Court concludes that the ALJ erred.

In July 2007, Dr. Bunsri T. Sophon examined Plaintiff in connection with his application for SSI and determined that he was capable of lifting 100 pounds occasionally and 50 pounds frequently

2

1 and did not have any limitations or restrictions preventing him from

2 working.   (AR 269-73.)

3         In October 2007, Esther M. Villegas reviewed Dr. Sophon's report

4 and the other medical records in the file at that time and concurred

5 with Dr. Sophon that Plaintiff was not limited or restricted in any

6 way and could lift up to 50 pounds frequently and 100 pounds

7 occasionally.   (AR 275-81.)

8         Beginning in April 2008, Dr. Giovinetza Hasbun and other doctors

9 at Los Angeles County-USC Medical Center began treating Plaintiff for

10 back pain and other ailments.   (AR 310-483.)   In February 2009, Hasbun

11 opined that, due to the pain and limitation caused by his ailments,

12 Plaintiff, essentially, could not work, i.e., he could lift only ten

13 pounds, stand for only 45 minutes, sit for only one hour, needed

14 unscheduled breaks every hour, and would miss work four times a month.

15 (AR 306-09.)

16         The ALJ discounted Dr. Hasbun's opinion, finding that "the record

17 lacks evidentiary support for the level of limitation this physician

18 assessed."   (AR 25.)   The ALJ relied, instead, on the opinions of Dr.

19 Sophon and "Dr. Esther Villegas."   (AR 24.)   As the Agency now

20 concedes, however, Ms. Villegas is not a doctor.   She is an analyst.

21 Thus, the ALJ's reliance on Ms. Villegas' opinion was in error.

22 Further, the Court does not find the error harmless because it is

23 clear that Ms. Esther's views played an important role in the ALJ's

24 determination that Plaintiff could work.   *See, e.g., Stout v. Comm'r,*

25 *Soc. Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir. 2006) (noting error is

26

27

28

1  harmless if it is "inconsequential to the ultimate non-disability

2  determination.").[1]

3      The Court also finds that the ALJ erred in not stating

4  specifically why he was rejecting Dr. Hasbun's opinion.  The ALJ's

5  summary conclusion that "the record lacks evidentiary support" for the

6  opinion is not enough.  *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th

7  Cir. 1988) (rejecting ALJ's decision to discount treating physician's

8  opinion on ground that it was "contrary to the preponderant

9  conclusions mandated by those objective findings").  On remand, the

10 ALJ should identify those parts of the record that he is referring to

11 so that the parties and the Court will know what his finding is based

12 on and can analyze it accordingly.

13     Finally, though not an issue specifically raised by the parties,

14 the Court notes that the ALJ's February 2012 decision that Plaintiff

15 was not disabled relied mostly on Dr. Sophon's and Esther Villegas'

16 2007 reports.  From a review of the record, it appears that a lot

17

18     [1]  Plaintiff argued in his portion of the Joint Stipulation that

19 Ms. Villegas was not a doctor, as demonstrated by the fact that:
   (1) she did not identify herself as a doctor or provide a medical

20 specialty when she signed her reports (AR 280, 281); (2) the
   designation that she did use (W/07) was not a typical one (AR 281);

21 (3) Dr. Sophon did not identify Ms. Villegas as a doctor in his report

22 to her (AR 269); and (4) the Agency's Case Activity Report identified
   Ms. Villegas as a counselor (AR 282).  (Joint Stip. at 5-6.)  Agency

23 counsel simply ignored Plaintiff's arguments and, rather than find out
   whether Ms. Villegas was a doctor, argued to the Court in its portion

24 of the Joint Stipulation that the Court should affirm the ALJ's
   decision because it was consistent with the opinions of "Dr. Bunsri

25 Sophon and *State agency physician Dr. Esther M. Villegas*."  (Joint

26 Stip. at 7 (emphasis added).)  Only when the Court set the matter for
   hearing to get to the bottom of the issue did Agency counsel pick up

27 the telephone and call Ms. Villegas, who readily admitted that she was
   an analyst, not a doctor.  The Court expects more from Agency counsel.

28

1 | happened between 2007 and 2012.  In fact, almost all of the medical

2 | records were created after 2007.  (AR 289-483.)  It is unclear why

3 | Plaintiff was not examined again or why a medical expert was not

4 | consulted to address these new medical records.  On remand, the ALJ

5 | should consider whether either procedure (or another) is warranted to

6 | address these new records as well as any changes in Plaintiff's

7 | condition.

8 | D.    The ALJ's Credibility Finding

9 | Plaintiff alleges that the ALJ erred when he found that Plaintiff

10 | was not credible.  Here, again, the Court agrees.

11 | The ALJ concluded that Plaintiff's allegations of disabling pain

12 | were not credible because, "Neither the severity nor the extent of the

13 | alleged limitations is supported by the medical evidence of record."

14 | (AR 24.)  This explanation is not specific enough for the Court and

15 | the parties to determine the basis for the ALJ's finding and,

16 | therefore, it is reversed.  *See Smolen v. Chater*, 80 F.3d 1273, 1283-

17 | 84 (9th Cir. 1996) (explaining ALJ must provide specific, clear, and

18 | convincing reasons to reject claimant's testimony).  On remand, the

19 | ALJ should identify those parts of the record that he is referring to

20 | so that the parties will understand the basis of the ruling and so

21 | that the Court can conduct meaningful review should the issue be

22 | raised on appeal.[2]

---

[2] The ALJ also found the Plaintiff's testimony was undermined by "Dr." Villegas' findings. (AR 24.)  Obviously, that, too, was in error since Ms. Villegas is not a doctor.

IV.

CONCLUSION

For these reasons, the Agency's decision is reversed and the case is remanded for further proceedings consistent with the decision.[3]

IT IS SO ORDERED.

DATED: July 3, 2014

_Patrick J. Walsh_
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\MACIAS, 1271\Memo Opinion and Order.wpd

---

[3] The Court has considered Plaintiff's request that the case be remanded for an award of benefits and finds that this relief is not warranted here because it is not clear that Plaintiff is entitled to benefits.